# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                 )

      v.                      )         ID No. 1003021785
                                 )

RASHID ROY,              )
                                 )

     Defendant.         )

## ORDER

This 4th day of August, 2023, upon consideration of Defendant Rashid Roy's ("Defendant") *pro se* Motion for Postconviction Relief (the "Motion"),[1] it appears to the Court that:

1. On April 7, 2011, Defendant was found guilty after a trial by jury and convicted of Murder First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Assault Third Degree, and Terroristic Threatening.[2]

2. On September 9, 2011, Defendant was sentenced to Level V for the balance of his natural life, plus 11 years, followed by decreasing levels of probation.[3]

3. Defendant's Motion is a third motion for postconviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61"). Defendant filed his second Rule 61 motion on March 9, 2016, which was summarily dismissed.[4]

---

[1] D.I. 157.
[2] D.I. 79.
[3] D.I. 88.
[4] D.I. 150.

4. Rule 61(d) explicitly bars successive motions and states that no second or subsequent postconviction motion is permitted unless the movant was convicted after a trial and the motion either:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

5. Defendant asserts three grounds for relief, none of which assert actual innocence on the basis of new evidence or new retroactively applicable law. Therefore, Defendant's claims are procedurally barred.[5]

For the foregoing reasons, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary
cc:    Rashid Roy (SBI #00302387)

---

[5] Super. Ct. Crim. R.61(d)(2).